# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| HEATHER DOZIER, | ) |
|                **PLAINTIFF** | ) |
| v. | )   CIVIL NO. 1:13-CV-208-DBH |
| NEW BALANCE ATHLETIC SHOE, INC., | ) |
|                **DEFENDANT** | ) |

## DECISION AND ORDER ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

The defendant has moved for partial summary judgment on this employment discrimination claim because of the limited scope of the plaintiff's administrative complaint before the Maine Human Rights Commission. In response, the plaintiff has agreed to dismiss her disability discrimination claims but pursues her sexual harassment and retaliation claims.

The discrimination claims (Count III) are therefore **DISMISSED**.

Otherwise, I **DENY** the motion for partial summary judgment. The sexual harassment and retaliation claims may proceed. The plaintiff filed an administrative complaint with the Commission alleging both. Although her complaint in this court adds additional acts of retaliation, the First Circuit established the relevant standard in Clockedile: "the cleanest rule is this: retaliation claims are preserved so long as the retaliation is reasonably related to and grows out of the discrimination complained of to the agency." Clockedile

v. New Hampshire Dep't of Corrections, 245 F.3d 1, 6 (1st Cir. 2001). That is the nature of the plaintiff's retaliation claims here. The only questionable part of the plaintiff's retaliation claim is its inclusion of the employer's alleged refusal to accommodate her disability. I understand the plaintiff now to assert that failure to accommodate only as retaliation for her sexual harassment claims, not as a free-standing disability discrimination claim. I will permit it to proceed on that understanding, given Burlington Northern's expansive definition of retaliation.[1] Burlington Northern & Santa Fe Ry. Co. v. White, 548 U.S. 53, 61-66 (2006).

In its Reply Brief, the employer raises for the first time an argument of failure to establish a causal relationship between her sexual harassment complaint and the alleged acts of retaliation. Def. New Balance's Reply at 4 (ECF No. 32). I do not consider that argument because the plaintiff did not have an opportunity to respond to it, and the statements of material fact were not focused on that issue. See also Report of Pre-filing Conference (ECF No. 24). If pertinent, it can be raised as a motion for judgment as a matter of law at the close of the plaintiff's case at trial.

**SO ORDERED.**

**DATED THIS 21ST DAY OF MAY, 2014**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[1] I also note the plaintiff's argument that even if there were some defect in her administrative complaint, that would foreclose only compensatory and punitive damages and attorney fees, not lost wages and injunctive relief.